**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────────────

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

          v.                              04-CR-222S - 02

**SANDRA JACOBI,**

          **Defendant.**

───────────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Sandra Jacobi[1] ("the defendant"), is charged along with thirteen co-defendants in a multicount indictment with having violated Title 21 U.S.C. §§ 841(c)(2) and 846 (Count 1) and §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 2). (Docket #8).

The defendant has filed a motion seeking to dismiss "counts one and two of the indictment because they are impermissibly vague and deprive [the defendant] of a critical constitutional protection." (Docket #51, p. 2). More specifically, the defendant

---

[1] In her motion papers, the defendant refers to herself as "Sandra Stevens," apparently as the wife of the co-defendant Hugh Stevens.

argues that "the instant indictment is fatally defective with regard to the conspiracies charged" in that "the charge (sic) fails to provide the defendant with notice of the particular manner and means by which this 'conspiracy' was supposed to operate, of any specific acts supposedly taken in furtherance of the conspiracy, or the respective roles of the alleged co-conspirators."  (Docket #51, p. 4).

In resolving questions concerning the sufficiency of an indictment or charging document, the United States Supreme Court has provided the following guidance:

> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured.  These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'  Cochran and Sayre v. United States, 157 U.S. 286, 290; Rosen v. United States, 161 U.S. 29, 34."  Hagner v United States, 285 US 427, 431, 76 L ed 861, 865, 52 S Ct 417.  See Potter v United States, 155 US 438, 445, 39 L ed 214, 217, 15 S Ct 144; Bartell v United States, 227 US 427, 431, 57 L ed 583, 585, 33 S Ct 383; Berger v United States, 295 US 78, 82, 79 L ed 1314, 1318, 55 S Ct 629; United States v Debrow, 346 US 372, 377, 378, 98 L ed 92, 97, 74 S Ct 113.

*Russell v. United States*, 369 U.S. 749, 763-64 (1962).

Furthermore,

> An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

The indictment herein and the charges set forth in Counts 1 and 2 of said indictment against the defendant meet the requirements enunciated by the United States Supreme Court.

Therefore, it is hereby RECOMMENDED that defendant's motion to dismiss Counts 1 and 2 of the indictment (Docket #8) be DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

S/ H. Kenneth Schroeder, Jr.<br>
H. KENNETH SCHROEDER, JR.<br>
United States Magistrate Judge

DATED: Buffalo, New York
       August 29, 2005