**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

                    **v.**                                    **04-CR-222S - 02**

**SANDRA JACOBI,**

                    **Defendant.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.


## PRELIMINARY STATEMENT

        The defendant, Sandra Jacobi[1] ("the defendant"), is charged along with

thirteen co-defendants in a multicount indictment with having violated Title 21 U.S.C.

§§ 841(c)(2) and 846 (Count 1) and §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 2).

(Docket #8).  The defendant has filed an omnibus discovery motion (Docket #51)

wherein she seeks a bill of particulars; disclosure of the identities of all government

informants; discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure

('Fed. R. Crim. P."); production of "Brady/Giglio and Jencks" materials; disclosure of

evidence which the government will offer at trial pursuant to Rules 404(b), 608 and 609

_____

        [1]  In her motion papers, the defendant refers to herself as "Sandra Stevens,"
apparently as the wife of the co-defendant Hugh Stevens.

of the Federal Rules of Evidence ("F.R.E."); preservation of rough notes and other evidence;" "pre-trial production of government summaries pursuant to Rule 1006 F.R.E.;" and disclosure of grand jury transcripts.  The defendant also seeks leave to file "other motions" and joins in motions filed by co-defendants.

The defendant has also filed motions seeking: permission to allow "active counsel participation in *voir dire*;" permission "to *voir dire* any proposed government experts at trial outside the presence of the jury;" an audibility hearing; exclusion of "post-arrest statements made by any non-testifying alleged co-conspirators;" and exclusion of "any testimonial hearsay that is barred by the Sixth Amendment."  (Docket #51).

The government has filed a response to these motions of the defendant and a motion for reciprocal discovery pursuant to Rule 16(b) Fed. R. Crim. P.  (Docket #59).

Each of the requests, as aforesaid, will be separately addressed herein.

### DISCUSSION AND ANALYSIS

**1.     Defendant's Demand for a Bill of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events as

well as alleged participants of the conspiracy alleged in Count 1 of the Indictment on the basis that she "requires [that] information in order to adequately prepare a defense and avoid surprise at trial." (Docket #51, pp. 4-6).

As part of its response, the government "maintains that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted." Counsel for the government also represents that "the volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy and the combination of the. . . voluntary discovery provided in discovery delineate all the specific information sought by the defendant's requests." (Docket #59, ¶ 18).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which she has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Indictment, along with the discovery materials provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is she in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the
> charges of the indictment are so general that they do not

> advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).


### 2.    Disclosure of Identity of Informants:

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that

[w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a

-5-

> participant in and witness to the crime charged.  In *Jimenez*,
> the informant was both participant and witness, but the
> district court's refusal to order disclosure of his identity was
> upheld on the ground that the defendant had failed to show
> that the testimony of the informant "would have been of even
> marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any

informant's potential testimony is material to her defense, this request is DENIED.

**3.    Rule 16, Fed. R. Crim. P. Discovery Requests:**

The defendant has broadly requested production of various documents

and tangible objects as well as various scientific reports and laboratory analyses and

disclosure of the government's proposed experts in this regard.

In response to this request, counsel for the government has stated that he

has turned over, or will turn over, or make available for inspection by the defendant, all

materials and information to which the defendant is entitled in accordance with the

requirements of Rule 16(a)(1) of the Fed. R. Crim. P.  Counsel for the government has

also stated that he will "comply with the defendant's request for expert testimony

pursuant to Rule 16(a)(1)(E) (sic)[2] of witnesses who will testify under Rules 702, 703

and 705 F.R.E."  (Docket #59).  As a result of these representations by counsel for the

---

[2] Rule 16(a)(1)(E) is not applicable to this issue.  It is once again pointed out to
counsel for the government that Rule 16, Fed. R. Crim. P., was amended effective
December 1, 2002 and that the proper citation is Rule 16(a)(1)(G).

government, the defendant's request for Rule 16(a)(1) materials is DENIED on the basis that it is moot.

### 4.    Production of *Brady/Giglio* and *Jencks* Materials:

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in her motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #59, ¶ 15). The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."

*Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2, Fed. R. Crim. P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.


### 5.    Disclosure of Rules 404(b), 608 and 609 Evidence:

The defendant seeks an order compelling the government to disclose any evidence intended to be offered at trial that "the government contends would be admissible under Rule 404(b) F.R.E." as well as evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should she testify.


In its response to this request, the government has advised of its "intention to offer proof" of "other crimes, wrongs or acts during [its] direct case for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" pursuant to Rule 404(b) FRE "as

well as pursuant to normal evidentiary considerations concerning proof of the existence of and participation in the overall conspiracy alleged in the Indictment." (Docket #59, ¶ 13).

With respect to the use of such evidence as "impeachment material," the government states that such information will be provided as "*Jencks* material" consistent with its obligation to make such disclosures and that it "agrees to disclose the conviction records at trial of all witnesses it intends to call at trial." (Docket #59, ¶¶ 14, 8).

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 FRE is best left to the determination of the trial judge at the time of trial.

**6.     Preservation of Rough Notes and Other Evidence:**

The defendant seeks an "order requiring all government agents and

officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records" and also "requiring the government to preserve and protect from destruction, mutilation or deletion any and all evidence acquired in their (sic) investigation of the defendant."  (Docket #51, pp. 13-14).

In its response to this request, the government has stated "regarding rough notes, no such basis exists at this time for providing the requested materials, if they exist, [but] the government will endeavor to maintain such materials, if they exist." (Docket #59, ¶ 9).  Counsel for the government has failed to address the defendant's request for the preservation of "all evidence acquired in [the government's] investigation of the defendant."

The defendant's request for production of "all evidence acquired" in the government's investigation of her is an overly broad request for which there is no legal support and therefore, this particular request is DENIED.  As to the defendant's request to "preserve rough notes," it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or

> "established practice" or anything of the like. There simply is
> no longer any excuse for official ignorance regarding the
> mandate of the law. Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . . We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction. *United States v.
> Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439
> U.S. 928 (1978); *see also United States v. Grammatikos*,
> 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v.
> Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429
> U.S. 821 (1976).

Therefore, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist that constitute potential *Jencks*

and/or Rule 16, Fed. R. Crim. P. material.


**7. Pre-Trial Production of Government Summaries:**

The defendant "requests that the Court issue an order permitting her to

inspect summaries the government intends to use at trial pursuant to Rule 1006 of the

F.R.E. and the original books, records or documents that serve as the basis for any

such summaries." (Docket #51, p 14).


Counsel for the government has not responded to this request.

Therefore, defendant's request is GRANTED and the government is hereby DIRECTED

to make such underlying materials available for inspection and copying by the

defendant if the government plans to use "summaries" based on said materials at the trial pursuant to Rule 1006, F.R.E.

### 8.     Disclosure of Grand Jury Transcripts:

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Fed. R. Crim. P. "for the disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendant.  In support of this request, the defendant merely asserts that she "has a particularized need for the transcripts" because the defendant "is the subject of a bare bones Indictment that does not state any particular acts or overt acts that she allegedly committed in the course of the conspiracy. . .  The particularized need justifying disclosure is so that [the defendant] is informed of what evidence actually exists against her, and so she can intelligently make a decision as to her course of action."  (Docket #51, p. 17).


It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."  *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to her "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by her.  It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.  Therefore, defendant's request in this regard is

DENIED.

### 9.    Leave to File Other Motions:

The defendant requests permission to file additional motions "which may
be necessitated by due process of law, by the Court's ruling on the relief sought herein,
by additional discovery provided by the government or investigation made by the
defense, and/or any information provided by the government in response to the
defendant's demand."  (Docket #51, p. 19).  This request is GRANTED subject to the
limitations as contained in the aforesaid quote.

### 10.    Joinder in Co-Defendant's Motions:

The defendant has also indicated that she joins in the motions filed by the
co-defendants in this case (Docket #   ) and seeks to obtain any benefits that may be
applicable to her as a result of said motions.  This request is **GRANTED** with the further
directive and finding that the decision made by this Court as to each of the co-
defendant's requests contained in the motions in which this defendant joins, shall also
be deemed to be the finding and Order of this Court as to the defendant herein.

### 11.    Defendant's Motion to Allow "Active Counsel
Participation In Voir Dire:"

Conducting *voir dire* of prospective jurors is a matter normally performed

by the trial judge to whom the case has been assigned.  However, the trial judge has

discretion to allow participation in the *voir dire* process by counsel for the parties in a

manner designated by said trial judge.  Rule 24(a) Fed. R. Crim. P.  Therefore,

defendant's request is DENIED by this Court without prejudice, and it may be renewed

by counsel before the trial judge.

> ### 12.    Defendant's Motion "To Voir Dire Any Proposed Government Experts At Trial Outside The Presence Of The Jury:

The defendant requests an order pursuant to Rule 104 of the FRE

permitting him to "*voir dire* any proposed government experts at trial outside the

presence of the jury."  This motion is premature and is best left for determination by the

trial judge and therefore, said motion is DENIED with the right of the defendant to make

it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.

> ### 13.    Defendant's Request For An Audibility Hearing:

The defendant has requested "an audibility hearing to determine whether

any tapes that the government seeks to introduce at trial are audible."  (Docket #51, p.

16).  Counsel for the government advises that "all Title III conversations are in digital

format and contained on CDs (not tapes)" and have been provided "to all defendants"

(Docket #59, ¶ 25).

The defendant's motion in this regard is DENIED without prejudice with

the right to reapply for such relief after the CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court.  As part of this process, counsel for the government is hereby directed to identify those CDs that the government plans on using at the trial of the defendant and to have transcripts of those CD recordings prepared.  Once such transcripts have been prepared, counsel for the government shall supply copies of the designated CDs and respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed to review the aforesaid CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed.  Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the CDs in question and the correctness of the transcripts of such CDs.  Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

### 14.    Defendant's Motion To Exclude "Post-Arrest Statements Of Non-Testifying Alleged Co-Conspirators:"

The defendant acknowledges that she cannot state whether "any post-arrest statements by co-conspirators or co-defendants "exist" or "whether the

government will seek to use such evidence against her."  (Docket #59, p. 18).

> Responsibility for determining whether declarations of an alleged coconspirator should be admitted against another rests on the shoulders of the trial judge.

*United States v. Mastropieri*, 685 F.2d 776, 787-88 (2d Cir. 1982).

Therefore, the defendant's motion is DENIED without prejudice to renew at the trial.

### 15.    Defendant's Motion To Exclude "Any Testimonial Hearsay:"

The defendant asserts that "the Court should issue an order barring the government from offering any testimonial hearsay by non-testifying persons/witnesses/co-defendants at trial."  (Docket #51, p. 19).  The aforesaid quoted principle enunciated in *United States v. Mastropieri, supra*, applies equally as well to this motion of the defendant and therefore, the motion is DENIED without prejudice to renew at the trial.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order

in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

                                        S/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**

  **DATED:    Buffalo, New York**
              **August 29, 2005**