UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                              **ORDER**
                                                                     04-CR-222S

SANDRA JACOBI, et al.

                          Defendants.

       1.       On September 14, 2004, several Defendants, including Sandra Jacobi ("Defendant"), were charged in a multi-count Indictment with conspiracy and possession with intent to distribute ephedrine to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(2), 846, 848(a), and 853(a), and 18 U.S.C. § 2.

       2.       On September 23, 2004, this Court referred this matter to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1).

       3.       On May 16, 2005, Defendant filed a motion seeking, *inter alia*, dismissal of Counts 1 and 2 of the Indictment on the basis that they are impermissibly vague. In the alternative, Defendant requested, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, that the Government be directed to file a Bill of Particulars with respect to these two counts.

       3.       On September 1, 2005, Judge Schroeder filed a Report, Recommendation and Order recommending that Defendant's Motion to Dismiss Counts 1 and 2 of the Indictment be denied. Judge Schroeder reasoned that the challenged counts of the Indictment meet the requirements enunciated by the Supreme Court in that: (1) "the [I]ndictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [s]he must be prepared to meet[;]" and (2) "in case any

other proceedings are taken against [her] for a similar offense . . . the record shows with accuracy to what extent [s]he may plead a former acquittal or conviction." <u>Russell v. United States</u>, 369 U.S. 749, 763-764, 82 S. Ct. 1038, 1047, 8 L. Ed. 2d 240 (1962) (internal citations and quotations omitted).

4. Also on September 1, 2005, Judge Schroeder entered a Decision and Order denying Defendant's request for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. In denying this request, Judge Schroeder reasoned that the Indictment, along with the discovery materials already provided by the Government to Defendant, clearly inform her of the essential facts of the crimes with which she is charged. That being the case, Judge Schroeder concluded that Defendant is not entitled to, nor is she in need of, the particulars being sought for that purpose.

5. On October 18, 2005, Defendant filed an Objection to Judge Schroeder's Decision and Order, insofar as it denied her request for a Bill of Particulars. Defendant did not file any objections to Judge Schroeder's Report, Recommendation and Order recommending that her Motion to Dismiss Counts 1 and 2 of the Indictment be denied. The Government responded to Defendant's Objection on November 7, 2005. This Court heard oral argument on November 29, 2005, and reserved decision at that time.

6. Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter pending before the court.[1] A magistrate judge's order on such a pretrial matter will be reconsidered by the district judge only when it has been established that the order is clearly erroneous or contrary to law. <u>See</u> 28 U.S.C. §

---

[1] Under this district's Local Rules, review of a magistrate judge's order is governed by 28 U.S.C. § 636(b)(1). <u>See</u> Local Rule of Criminal Procedure 58.2(a)(2).

636(b)(1)(A). As such, this Court will set aside or modify Judge Schroeder's Decision and Order in this case only if it finds that the Decision and Order is clearly erroneous or contrary to law.

7. While it is apparent that Defendant disagrees with Judge Schroeder's rulings, this alone does not serve as cause to disturb his Decision and Order. Defendant has not established and indeed has not identified any part of Judge Schroeder's Decision and Order that is clearly erroneous or contrary to law. Accordingly, this Court will deny Defendant's Objection.

IT HEREBY IS ORDERED, that Defendant's Objection to Judge Schroeder's September 1, 2005 Decision and Order (Docket No. 86) is DENIED.

FURTHER, that Judge Schroeder's September 1, 2005 Decision and Order (Docket No. 67) is AFFIRMED in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that Judge Schroeder's September 1, 2005 Report, Recommendation and Order (Docket No. 64) is ACCEPTED in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that Defendant's Motion to Dismiss (Docket No. 51) Counts 1 and 2 of the Indictment is DENIED.

SO ORDERED.

Dated: December 20, 2005
       Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge